FILED '06 DEC 11 15:56 USDC-ORE

**Daniel Snyder**, Oregon State Bar #78385
Danielsnyder@qwest.net
**Sara Thistlethwaite**, Oregon State Bar #04132
Sarathistle@qwest.net
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249



JUDGE'S COPY

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VIOLA CARLILE,<br><br>    Plaintiff,<br><br>    v.<br><br>SALEM-KEIZER SCHOOL DISTRICT,<br><br>    Defendant. | Case No. C6-1:316-TC<br><br>**COMPLAINT**<br><br>(Title VII, Civil Rights, Supplemental State Claims)<br><br>**JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1. This action is an action for damages, attorney fees and costs, to redress violation of the plaintiff's constitutional and statutorily protected rights, state statutory and common law rights, and for equitable relief. This action is for damages to redress deprivation of rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; Age Discrimination in Employment Act (ADEA) 29 U.S.C.§623(a)(1);Violation of Civil Rights, 42 U.S.C. §1983; and related pendant state claims under the Oregon state law's Unlawful Employment Practice

pursuant to ORS 659A.030, Injured Worker Discrimination ORS 659A.040; and Whistle Blowing ORS 659A.240.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction.

3. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 28 U.S.C. §1331, 29 U.S.C. §2617, 42 U.S.C. §1988, 42 U.S.C. §12117(a).

4. The plaintiff requests this Court to invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims. This court has jurisdiction over the related pendent state claims under Rule 18 of the Federal Rules of Civil Procedure.

5. All preconditions to jurisdiction under section 706 of Title VII, 42 U.S.C. §2000e-5(f)(3) have been satisfied and all preconditions to jurisdiction under 42 U.S.C. §2000e-5 have been satisfied.

(A) On or about November 5, 2005, the plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC), case number 380-2005-03601, which was co-filed with the Oregon Bureau of Labor and Industries (BOLI).

(B) On or about May 18, 2006, the plaintiff submitted an amended charge to the EEOC, with the same case number.

(C) On September 18, 2006, the plaintiff received the right-to-sue issued by the EEOC.

Page 2 - COMPLAINT

(D)    The plaintiff filed this complaint within 90 days of receiving the right to sue letter from the EEOC.

6.    The plaintiff made notice of tort claim on defendant on or about February 23, 2006. The plaintiff made a supplemental notice of tort claim on defendant on or about August 31, 2006.

7.    Venue is in the District of Oregon in Eugene pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

### III. PARTIES

8.    The plaintiff is a female citizen of the United States and, at all times material, was a resident of Marion County, State of Oregon.

9.    Defendant Salem-Keizer School District is a public body within the State of Oregon.

### IV. GENERAL FACTUAL ALLEGATIONS

10.    At all times relevant, the plaintiff worked for defendant.

11.    The plaintiff is fifty-eight years old. The plaintiff's national origin is German/Romanian and was born in Salzburg, Austria.

12.    All acts of defendant's employees alleged herein were within the course and scope of their employment with the defendant.

13.    From November, 1986 until present, the plaintiff has been employed as a teacher with the defendant.

14.    The plaintiff has been teaching English as a Second Language (ESL) for the past twelve years, and holds certifications to teach English as a Second Language (ESOL) and is highly-qualified according to the federal guidelines in K-8 elementary and K-8 reading

Page 3 - COMPLAINT

and language arts. The plaintiff also holds a PhD in Education, specializing in Curriculum and Instruction.

15. In or about September of 2003, the plaintiff reported an unwanted sexual advance by the principal of the Grant Community School, Grant Foster.

16. In or about September, 2003, the plaintiff reported that Foster had not given breaks and lunches during the prior year as contracted for in the Collective Bargaining Agreement.

17. After the plaintiff made the complaints against Foster, he immediately retaliated against the plaintiff by rescinding permission to teach a multicultural class at Willamette University. He also created a hostile work environment and took away her privileges, including, but not limited to, not allowing her to attend field trips.

18. For the school year 2004-2005, the plaintiff requested and was transferred to a permanent position at Adams Stephens Middle School. Before her transfer, the position was changed to a temporary position.

19. In or about June 2005, the plaintiff applied for her position at Adams Stephens School to obtain a permanent appointment.

20. At or about the time that the plaintiff was applying for the permanent position at Adams Stephens Middle School, principal Neil Anderson told the plaintiff that she was near retirement age.

21. The plaintiff did not obtain the position at Adams Stephens school. The plaintiff was rejected because she did not have enough language and culture experience.

Page 4 - COMPLAINT

22. In the summer of 2005, the plaintiff applied to over a half dozen positions, but was not hired. She was told that she would have to return to teach under Grant Foster at Grant Community School.

23. On or about August 27, 2005, the plaintiff experienced severe anxiety and depression and was taken off work for one week because of having no choice but to return to teach under Foster. She filed a worker's compensation claim at that time.

24. The defendant assigned the plaintiff to teach the 2005-2006 school year at another school, Yoshikai Elementary, under principal Zan Payne. Though the plaintiff was only taken off of work one week, she was not assigned to teach until two weeks after the school year started.

25. The plaintiff's assignment at Yoshikai was to teach elementary level, which she had no experience doing for over sixteen years. Several students in her assigned class suffered from severe emotional problems. The plaintiff does not have training in special education or counseling.

26. While teaching at Yoshikai, Zan Payne took away more privileges, such as showing videos, and continued the no field trip rule for the plaintiff.

27. In September 2005, Ms. Payne also walked into the plaintiff's class and told her in front of her students that the plaintiff had to go see the psychiatrist. This statement was made in reference to an appointment set by the defendant for the plaintiff to attend an Independent Medical Examination in relation to the plaintiff's workers' compensation claim.

28. In or about April 2006, a parent of a child that was no longer in the plaintiff's class went into the plaintiff's classroom and started a confrontation with and intimidated the plaintiff. The plaintiff called for assistance, however, no one responded.

Page 5 - COMPLAINT

29. In June 2006, about one week prior to the end of the school year, Zan Payne placed the plaintiff on a Plan of Assistance. The plaintiff had never received any negative teaching evaluations in her previous 35 years of teaching.

30. In the summer of 2006, the plaintiff applied for over fifteen positions in the district. She was not hired for any of those positions and remains teaching at Yoshikai.

31. As a result of the defendant's actions, the plaintiff has suffered harm to reputation, inconvenience and interference with normal and usual activities pain and humiliation, sleeplessness, financial worry, inability to focus, stress and anxiety.

## V. STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

(Title VII - 42 U.S.C. §2000e *et seq.*, discrimination and retaliation)

32. Plaintiff realleges paragraphs one through thirty-one as if fully restated herein.

33. The plaintiff was subjected to discrimination with respect to the terms and conditions of employment because of the plaintiff's national origin.

34. The plaintiff was subjected to discrimination, retaliation and a hostile work environment with respect to the terms and conditions of employment because the plaintiff made gender and national origin based complaints against the defendant, and that defendant changed the terms and conditions of employment based upon plaintiff's complaints of unlawful employment practices by defendant.

35. As a result of the defendant's discrimination and retaliation against the plaintiff, she suffered emotional harm, emotional pain, suffering, inconvenience and loss of enjoyment of life and is entitled to compensatory damages in the approximate amount of $250,000.00, benefits, back pay and front pay, if any, to be more accurately determined at trial.

Page 6 - COMPLAINT

36. The plaintiff also seeks an award of her reasonable attorney fees and costs pursuant to 42 U.S.C. §2000e-5.

## SECOND CLAIM FOR RELIEF

(Age Discrimination in Employment Act)

37. Plaintiff realleges paragraphs one through thirty-one as though fully restated herein.

38. The plaintiff is a qualified individual within the meaning of the ADEA, 29 U.S.C. §623(a)(1).

39. The defendant willfully discriminated against the plaintiff on account of age in violation of §4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1) with respect to its decision to the plaintiff's employment.

40. As a direct and proximate consequence of the defendant's unlawful and discriminatory employment practices, the plaintiff has suffered adverse employment actions and mental anguish.

41. Pursuant to 29 U.S.C. §626(b) and §216(b), the plaintiff is entitled to equitable relief, as well as an award of back pay, front pay, and liquidated damages against the defendant.

42. Pursuant to 29 U.S.C. §626(b) and §216(b), the plaintiff is entitled to an award of reasonable attorney fees and costs.

## THIRD CLAIM FOR RELIEF

(ORS 659A.030 - Age, Gender, and National Origin Discrimination and Retaliation)

43. Plaintiff realleges paragraphs one through thirty-one as though fully restated herein.

LAW OFFICES of DANIEL SNYDER
1000 S.W. Broadway
Suite 2400
Portland, Oregon 97205
(503) 241-3617 ● Fax (503) 241-2249

44. The above referenced employment practices for each of the above-stated reasons constitute an unlawful employment practice pursuant to ORS 659A.030(1)(a) in that the defendant changed the terms and conditions of the plaintiff's position based on age, national origin, gender, and report of unlawful employment activities.

45. As a result of this discrimination and retaliation, the plaintiff suffered and continues to suffer humiliation, damage to her reputation, anxiety, distress, and impairment of her personal dignity and right to be free from discrimination or interference with her statutory rights.

46. Pursuant to ORS 659A.885, The plaintiff is entitled to equitable relief, back pay, attorney's fees and costs, and to expert witness fees.

## FOURTH CLAIM FOR RELIEF

(Violation of Civil Rights - 42 U.S.C. §1983)

47. Plaintiff realleges paragraphs one through thirty-one as if fully restated herein and further alleges.

48. The defendant's conduct as alleged herein constituted the custom or policy of defendant Salem-Keizer School District.

49. In behaving as alleged herein, the defendant denied plaintiff equal treatment and equal protection based on age, gender and national origin under the law in violation of her rights under the Fourteenth Amendment.

50. In behaving as alleged herein, the defendant further denied plaintiff right to free speech in violation of her rights under the First Amendment.

51. The plaintiff is entitled to seek redress for the violation of her rights pursuant to 42 U.S.C. §1983.

Page 8 - COMPLAINT

LAW OFFICES of DANIEL SNYDER
1000 S.W. Broadway
Suite 2400
Portland, Oregon 97205
(503) 241-3617 • Fax (503) 241-2249

52. As a result of the defendant's conduct, the plaintiff suffered damages as alleged herein.

53. The plaintiff seeks equitable relief requiring the defendant to cease enforcement of its discriminatory policies.

54. The plaintiff also seeks an award of her reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

## FIFTH CLAIM FOR RELIEF

(ORS 659A.230 - Whistleblower)

55. Plaintiff realleges paragraphs one through thirty-one above as though fully restated herein.

56. Defendant retaliated against the plaintiff because she made good faith complaints of waste.

57. As a result of this discrimination, plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of her personal dignity and right to be free from discrimination or interference with her statutory rights. As a further result of this discrimination, plaintiff suffered losses including lost earnings and benefits, said loss is continuing and shall be determined before trial.

58. The plaintiff is entitled to back pay, front pay, equitable and injunctive relief, and compensatory damages, and a 9% interest on all lost income.

59. The plaintiff is entitled to recover attorney fees and costs pursuant to ORS 659A.885(1) and ORS 20.107.

WHEREFORE, the plaintiff seeks judgment against defendant for $10,000.00 in economic damages, to be more particularly determined at trial, $600,000.00 in non-economic

Page 9 - COMPLAINT

damages, for her attorney fees, costs, disbursements, and for such other equitable relief as may be ordered by the court. The plaintiff hereby demands trial by jury.

DATED this 11th day of December 2006.

LAW OFFICES OF DANIEL SNYDER

*/s/ Daniel Snyder*
SARA THISTLETHWAITE, OSB No. 04132
Telephone : (503) 241-3617
Facsimile: (503) 241-2249
Email: sarathistle@qwest.net
Of Attorneys for Plaintiff

Page 10 - COMPLAINT